## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ARTHUR G. SMITH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No.:** _____ |
| | § | |
| **DIVERSIFIED** | § | |
| **CONSULTANTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, 1441 and 1446, Defendant Diversified Consultants, Inc. ("Diversified"), by and through counsel, hereby files its Notice of Removal ("Notice") of the above-captioned action from the Magistrate Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based upon federal question jurisdiction because a federal question appears on the face of Plaintiff Arthur G. Smith's ("Plaintiff") Complaint. In support of this Notice, Diversified states as follows:

### A. Introduction

1.     Diversified is a named Defendant in civil action no. CV-13-MS-171673, which Plaintiff filed on September 30, 2013, in the Magistrate Court of Fulton County, Georgia (the "State Court Action"). The Complaint names only

Diversified as a defendant.  Diversified was served with process on December 5, 2013.

2.     This Notice is being filed with this Court within 30 days after Diversified received a copy of the summons and Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based and is thus timely filed under 28 U.S.C. § 1446(b)(3).

### B.  Basis for Removal

3.     Removal is proper because the action involves a federal question.  *See* 28 U.S.C. §§ 1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's claims expressly arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.  See* Complaint at ¶¶ 4-11, attached hereto as Exhibit A.  Plaintiff further contends that Diversified violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.  See* Complaint at ¶¶ 4, 9.

4.     Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal question appears on the face of Plaintiff's Complaint, and these claims "arise under" federal law.

5. The Supreme Court has held that federal courts have jurisdiction to hear, originally or by removal from state court, cases where federal law creates the cause of action being alleged or when a claimant's right to relief depends on the resolution of a substantial question of federal law. *See Franchise Tax Board v. Constr. Laborers Vacation Trust*, 436 U.S. 1, 9 (1982) (explaining that "a case '[arises] under' federal law where the vindication of a right under state law necessarily turns on some construction of federal law"). As such, the resolution of this action turns upon a federal question, and this Court has jurisdiction over this matter. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (noting the removing defendant satisfies its burden when it "makes specific factual allegations establishing jurisdiction and can support them if challenged by plaintiff or the court with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations").

6. Thus, because all of Plaintiff's claims arise under the laws of the United States, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, and this case may properly be

removed to this United States District Court pursuant to 28 U.S.C. § 1441(a) and (b).

7.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this district.

8.     Pursuant to 28 U.S.C. § 1446(a), Diversified attaches a copy of all process and pleadings served upon Diversified as Exhibit A.  No orders have been issued in the State Court Action.

9.     Contemporaneous with the filing of this Notice, Diversified shall provide notice of the removal to Plaintiff and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

## C. Jury Demand

10.     Plaintiff did not demand a jury in the State Court Action.

## D. Conclusion

11.     For the reasons set forth herein, Diversified respectfully requests the Court to remove the action to this federal court.

Dated:       December 31, 2013            Respectfully submitted,


/s/ J. Scott Anderson
J. Scott Anderson (GA Bar ID: 017266)
*Attorney for Defendant Diversified*
*Consultants, Inc.*


**OF COUNSEL:**

CULHANE MEADOWS, PLLC
534 Medlock Road, Suite 103
Decatur, Georgia 30030-1514
sanderson@culhanemeadows.com
Telephone:  (404) 806-1488
Telecopier:  (888) 909-0255
*Attorney for Defendant, Diversified*
*Consultants, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of December, 2013, I caused the

foregoing to be served via United States First-Class Mail with appropriate postage

attached on the following party:

> Arthur G. Smith, *Pro se*
> 7440 Mistydawn Drive
> Fairburn, Georgia 30213

> /s/  *J. Scott Anderson*
> Of Counsel